Electronically Filed
7/6/2017 5:13 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

CAUSE NO. C-3032-17-H

| | | |
|---|---|---|
| **MARIA MURILLO** | § | **IN THE DISTRICT COURT** |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **VS.** | § | **___ TH JUDICIAL DISTRICT** |
| | § | |
| **GREAT LAKES REINSURANCE U.K. SE** | § | |
| | § | |
| *Defendant.* | § | **HIDALGO COUNTY, TEXAS** |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW PLAINTIFF MARIA MURILLO ("Plaintiff"), and files her Original Petition, complaining of GREAT LAKES REINSURANCE U.K. SE ("GREAT LAKES" or "Defendant"), and alleges and states as follows:

### A. DISCOVERY CONTROL PLAN

1. Plaintiff intends for discovery in this action to be conducted under Level 1, in accordance with Tex. R. Civ. P. 190.2.

### B. PARTIES

2. Plaintiff, MARIA MURILLO ("Plaintiff"), is an individual residing in Hidalgo County at 3804 Eunice Street, Mission, Texas 78574.

3. Defendant, GREAT LAKES REINSURANCE U.K. SE ("GREAT LAKES"), is an alien surplus lines carrier, organized and existing under the laws of the United Kingdom and authorized to conduct business in Texas, and may be served with process by serving the Texas Commissioner of Insurance at 333 Guadalupe Street, Austin, Texas 78701, as its agent for service, who will forward the citation and petition to c/o Drinker Biddle, 1177 Avenue of The Americas, Floor 41, New York City, New York 10036.

EXHIBIT A

Electronically Filed
7/6/2017 5:13 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-3032-17-H**

## C. JURISDICTION

4.     This Court has subject-matter jurisdiction over the lawsuit because the amount in controversy exceeds this Court's minimum jurisdictional requirements, however, will not exceed $75,000, including damages of any kind, penalties, costs, expenses, prejudgment interest, and attorney's fees. Plaintiff affirmatively limits her potential recovery accordingly. See Exhibit "A".

5.     This Court has jurisdiction over Defendant GREAT LAKES because this Defendant purposefully availed itself of the privilege of conducting business in the State of Texas and established minimum contacts sufficient to confer jurisdiction over this Defendant, and the assumption of jurisdiction over GREAT LAKES will not offend traditional notions of fair play and substantial justice and is consistent with constitutional requirements of due process.

6.     Plaintiff would show that Defendant GREAT LAKES had continuous and systematic contacts with the State of Texas sufficient to establish general jurisdiction over said Defendant.

7.     Plaintiff would show that the cause of action arose from or relates to the contacts Defendant GREAT LAKES to the State of Texas, thereby conferring specific jurisdiction with respect to this Defendant.

8.     Furthermore, Plaintiff would show that Defendant GREAT LAKES engaged in activities constituting business in the State of Texas as provided by Section 17.042 of the Texas Civil Practices and Remedies Code, in that said Defendant contracted with a Texas resident and performance of the agreement in whole or in part thereof was to occur in Texas, committed a tort in whole or in part in Texas, and recruits or has recruited Texas residents for employment inside or outside the state.

## D. VENUE

Electronically Filed
7/6/2017 5:13 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-3032-17-H**

9.     Venue is proper in Hidalgo County, Texas, because the insured property is situated in Hidalgo County, Texas. Tex. Civ. Prac. & Rem. Code §15.032.

### E. CONDITIONS PRECEDENT

10.     All conditions precedent to recovery have been performed, waived, or have occurred.

### F. AGENCY AND *RESPONDENT SUPERIOR*

11.     Whenever in this petition it is alleged that GREAT LAKES did any act or omission, it is meant that GREAT LAKES itself or its agents, officers, servants, employees, or representatives did such act or omission, and it was done with the full authorization or ratification of GREAT LAKES or done in the normal routine, course and scope of the agency or employment of GREAT LAKES or its agents, officers, servants, employees, or representatives.

### G. FACTS

12.     Plaintiff is the owner of Texas Insurance Policy No. GK1439068858 (hereinafter referred to as "the Policy"), which was issued by Defendant GREAT LAKES.

13.     Plaintiff owns the insured residential property specifically located at 3804 Eunice Street, Mission, Hidalgo County, Texas 78574 (hereinafter referred to as "the Property").

14.     Defendant GREAT LAKES sold the Policy insuring the Property to Plaintiff.

15.     On or about March 26, 2015, a severe hailstorm and/or windstorm struck Hidalgo County, Texas, causing severe damage to homes and businesses throughout the area, including Plaintiff's Property ("the Storm"). Specifically, Plaintiff's roof sustained extensive damage during the Storm. Water intrusion through the roof caused extensive damage throughout the interior of the Property including, but not limited to, the interior ceilings, walls, and flooring of the Property. Plaintiff's Property also sustained substantial exterior damage during the Storm.

Electronically Filed
7/6/2017 5:13 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-3032-17-H

16.     After the Storm, Plaintiff filed a claim (Claim No. MDC 39546) with her insurance company, Defendant GREAT LAKES, for the damages to the Property caused by the Storm.

17.     Plaintiff submitted a claim to Defendant GREAT LAKES against the Policy for Roof Damage, Structural Damage, Water Damage, and Windstorm and Hail Damage the Property sustained as a result of the Storm.

18.     Plaintiff requested that Defendant GREAT LAKES cover the cost of repairs to the Property pursuant to the Policy, including but not limited to: repair and/or replacement of the roof and repair of the interior and exterior damages to the Property.

19.     Defendant GREAT LAKES assigned an adjuster to adjust this claim.  GREAT LAKES' adjuster was improperly trained and failed to perform a thorough investigation of Plaintiff's Hail and Wind Damage Property claim and intentionally, knowingly and deceptively, with malice, set out to deny all or a portion of the Plaintiff's Hail and Wind Damage Property claim by engaging in false, misleading, deceptive and fraudulent acts and practices of omission and commission which ultimately resulted in Plaintiff being denied the benefit of the bargain and loss payments due under the terms and conditions of the Policy of Insurance issued by GREAT LAKES.

20.     GREAT LAKES' adjuster's adjustment of the claim fraudulently, wrongfully, deceptively and negligently denied the claim and undervalued the cost of repair and/or replacement of covered items of damage to the insured Property in the claim report, which resulted in Plaintiff receiving nothing from GREAT LAKES to cover the losses sustained by Plaintiff to repair and/or replace the insured Property damaged by the Storm, excluding the amounts of the deductible and non-recoverable depreciation assessed pursuant to the terms and

Electronically Filed
7/6/2017 5:13 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-3032-17-H**

conditions of the Policy for which Plaintiff was responsible.

21.    As a result thereof, on or about on or about July 7, 2015, Plaintiff received a letter from GREAT LAKES in which it advised that based on its adjuster's report the damage could not be covered and GREAT LAKES would not be able to compensate Plaintiff for any damages or repairs incurred.

22.    GREAT LAKES and its adjuster wrongfully denied Plaintiff's claim for repairs of the insured Property, even though the Policy provided coverage for losses such as those suffered by Plaintiff.

23.    Based upon information and belief, GREAT LAKES' adjuster was compensated on a per claim adjusted basis and/or other combination of compensation tied to the quantity of claims adjusted.  GREAT LAKES' adjuster was therefore motivated to conduct an inadequate and substandard claim investigation of Plaintiff's Hail and Wind damage loss to Plaintiff's Property resulting from the Storm in order to increase the number of claims adjusted by him/her for his/her personal pecuniary benefit, as indicated below in sub-paragraphs (a) thru (g). GREAT LAKES' adjuster was negligent in violating GREAT LAKES' written policies as they relate to claims handling practices by failing to fully investigate and document all damage to Plaintiff's insured Property and by failing to fully investigate and evaluate the Plaintiff's insured loss based upon local replacement and/or repair costs for each item of damage, as indicated below in sub-paragraphs (a) thru (g).  Additionally, based upon information and belief and the acts and practices actually employed by GREAT LAKES' adjuster, GREAT LAKES' adjuster held a personal bias in favor of insurance companies and prejudice against insurance claimants generally, and more specifically towards Plaintiff herein as specifically demonstrated below in sub-paragraphs (a) thru (b).   GREAT LAKES' adjuster, intentionally, knowingly and

Electronically Filed
7/6/2017 5:13 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-3032-17-H**

fraudulently, with malice, engaged in the following specified acts and practices, among others stated herein, in violation of and in breach of the adjuster's moral, ethical and legal duties to Plaintiff as a licensed claims adjuster, which was a producing and proximate cause of the damages and losses sustained herein by Plaintiff resulting in the denial and/or underpayment of Plaintiff's claim; to wit:

a) GREAT LAKES' adjuster's investigation and inspection for damages to the Plaintiff's Property was performed in less than one (1) hour, an insufficient time period to perform an adequate assessment of the damage to the Property resulting from the Storm;

b) GREAT LAKES' adjuster failed to and/or refused to properly interview Plaintiff to ascertain other damages that were not readily apparent or would not be readily apparent to an individual unfamiliar with the Property in its pre-Storm condition;

c) GREAT LAKES' adjuster refused to and did not inspect for hidden or latent damage resulting to Plaintiff's Property that is customarily found to exist on property that has gone through a hail and wind storm of the severity of that which occurred in Hidalgo County on March 26, 2015;

d) GREAT LAKES' adjuster failed and refused to include the usual and customary charges for costs of materials, supplies, labor and contractor's overhead and profit charged by contractors in the Hidalgo County area for the repair, replacement and restoration of the Plaintiff's Property damaged by the Storm;

e) GREAT LAKES' adjuster performed only a cursory inspection of the roof

Electronically Filed
7/6/2017 5:13 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-3032-17-H

and exterior, and interior of the insured Property; and failed to assess, estimate and include all covered damage to the Property in the report and adjustment of loss to GREAT LAKES for exterior and interior water damages and/or note other damages existing to the Property at the time of inspection such as ceilings and walls that were sustained as a result of the Storm;

f)   GREAT LAKES' adjuster, during his/her investigation of the Plaintiff's claim, failed to include all damages sustained to the Property by the Storm, thus submitting an inaccurate and false report of Plaintiff's covered Storm Property losses to GREAT LAKES;

g)   GREAT LAKES' adjuster fraudulently represented to Plaintiff verbally and by conduct, in preparing an inadequate, incomplete and undervalued estimate of the cost of replacement and/or repair of Storm damage to Plaintiff's Property, that the majority of the damages to the Property were not severe or Storm related; and that most, if not all, of the covered damages found to exist upon observation of Plaintiff's Property, were not covered by the Policy, but were due to normal wear and tear or the result of other causes, when in fact such damage was Storm related and should have been included in GREAT LAKES' adjuster's report to GREAT LAKES.

24.   Defendant GREAT LAKES failed to thoroughly review the fraudulent and inaccurate assessment of the claim by its adjuster, and ultimately approved its adjuster's inaccurate report of the damages to the Property.

Electronically Filed
7/6/2017 5:13 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-3032-17-H**

25.     The mishandling of Plaintiff's claim has also caused a delay in the ability to fully repair the Property, which has resulted in additional damages.   To date, Plaintiff has yet to receive the full payment to which she is entitled under the Policy and has not been able to fully repair or replace the damage to the insured Property.

26.     GREAT LAKES, in hiring adjusters and claims representatives, was responsible to and had a legal duty to ensure that they hired and retained competent, qualified and ethical licensed adjusters and claims representatives who would deal fairly, honestly and in good faith with the policy holders of GREAT LAKES in the practice of insurance claims handling. GREAT LAKES breached such duties in connection with Plaintiff's Property Damage claim resulting from the Storm by failing to properly train, direct and oversee the claims handling practices employed by its adjuster.

27.     At all times material herein, GREAT LAKES had a non-delegable contractual legal duty to timely, fairly and in good faith fully investigate, process, adjust, timely pay and re-adjust claims for all covered losses sustained by its policy holders as a result of the Storm, including Plaintiff.  GREAT LAKES represented that it would do so in advertising mediums throughout the State of Texas and specifically in writing to its policy holders as an inducement for them to purchase and continue to renew homeowners and business property insurance with GREAT LAKES.  Due to a lack of knowledge and understanding of the insurance claims handling process, knowledge of construction costs and insurance policy coverage issues relating to storm related property losses, Plaintiff relied on such representations to her detriment, purchased the Policy from GREAT LAKES and accepted the estimate of damages from its adjuster which, unknown to Plaintiff, included denial and underpayment of covered losses and damages sustained in the Storm. GREAT LAKES made such representations knowing they were

Electronically Filed
7/6/2017 5:13 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-3032-17-H**

false and with the intent that Plaintiff rely on such representations. GREAT LAKES, having breached its legal duty to timely, fairly and in good faith investigate, process, adjust and pay for all covered losses sustained by Plaintiff herein, is responsible for the acts of omission and commission set forth herein and above in connection with its adjuster's investigation and claims handling practices employed to deny and/or underpay the covered losses and damages sustained by Plaintiff as a result of the Storm.

28.     GREAT LAKES distributed training, educational, and instructional materials to the field claim representatives and adjusters; held meetings and issued directives to the field instructing how GREAT LAKES wanted the hail losses like Plaintiff's to be handled. GREAT LAKES communicated and disseminated claims handling practices and methodologies to its field adjusters of 1) "Quantity over Quality", 2) Minimization of damage estimates, 3) Under-valuation of reported replacement and/or repair estimates, and 4) Omission of probable covered damages in the report to the Property from the Storm. These policies served to fuel and motivate GREAT LAKES' adjuster's individual pre-disposition of bias in favor of insurance companies and prejudice towards claimants and the resulting losses sustained by Plaintiff as set forth herein.

29.     GREAT LAKES and its adjuster conducted a substandard and incomplete inspection of Plaintiff's Property. Plaintiff's damages were noted in an inaccurate report and/or estimate of Plaintiff's Storm damages, which failed to include many of the damages noted upon inspection and grossly underestimated and undervalued those damages that were included.

30.     Defendant GREAT LAKES failed to thoroughly review the assessment of the claim by its adjuster and ultimately approved its adjuster's inaccurate report of the damages. As a result, Plaintiff was denied payment on her claim and has suffered damages.

31.     GREAT LAKES set out to deny and/or underpay properly covered damages. As

---

Electronically Filed
7/6/2017 5:13 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-3032-17-H**

a result of GREAT LAKES' unreasonable investigation, including their under-scoping and incomplete inspection of Plaintiff's Storm damages during their investigation(s) and failure to provide full coverage for the damages sustained by Plaintiff, Plaintiff's claim was improperly adjusted, and Plaintiff was denied adequate and sufficient payment to repair the Property and has suffered damages.

     32.    GREAT LAKES' adjuster intentionally, knowingly and as directed by GREAT LAKES, conducted a substandard investigation of Plaintiff's claim with the intent to underpay or deny all or a portion of the claim for the benefit of GREAT LAKES, which resulted in losses and damages to Plaintiff's Property. This practice of wrongfully denying and/or underpaying claims of GREAT LAKES policy holders for covered losses sustained by them in the Storm by refusing to fully inspect the Property for damage, misrepresenting coverage, the scope of coverage and loss, under-estimating repair costs, denying claims for covered losses underpaying covered losses of its insured policy holders, was specifically employed by GREAT LAKES and its adjuster in connection with the handling of the claim for damages and losses sustained by Plaintiff as a result of the Storm.

     33.    GREAT LAKES' adjuster, engaged in a claims processing handling practice designed by GREAT LAKES to reduce the overall loss payments GREAT LAKES was obligated contractually to pay policyholders as a whole in the Hidalgo County area for the covered losses resulting from the Storm. GREAT LAKES directed its adjusters and claim representatives to misrepresent coverage, the scope of coverage and loss, under-estimate repair costs, deny claims for covered losses, underpay covered losses of its insured policy holders, refuse to inspect portions of the properties damaged, and claim that damage to the property found to exist was due to normal wear and tear or was the result of other causes that pre-existed the

Electronically Filed
7/6/2017 5:13 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-3032-17-H**

Storm as a basis for not including those damages in the report. Plaintiff's claim, as demonstrated herein, is typical of the deceptive acts and practices and unfair claims settlement practices intentionally and knowingly employed by GREAT LAKES and its adjuster in connection with the handling of Plaintiff's claim.

34.     As detailed in the paragraphs below, Defendant GREAT LAKES wrongfully denied Plaintiff's claim for repairs of the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiff. Furthermore, GREAT LAKES underpaid some of the Plaintiff's claims by not providing full coverage for the damages sustained by Plaintiff, as well as under-scoping the damages during its investigation.

35.     To date, GREAT LAKES continues to delay in the payment for the damages to the Property. As such, Plaintiff has not been paid in full for the damages to her Property.

36.     GREAT LAKES failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policy. Specifically, it refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged Property, and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiff. GREAT LAKES' conduct constitutes a breach of the insurance contract between GREAT LAKES and Plaintiff.

37.     GREAT LAKES misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. GREAT LAKES' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §§541.060(a)(1).

38.     GREAT LAKES failed to make an attempt to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy. GREAT

Electronically Filed
7/6/2017 5:13 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-3032-17-H**

LAKES' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

39.     GREAT LAKES failed to explain to Plaintiff the reasons for their offer of an inadequate settlement.   Specifically, GREAT LAKES failed to offer Plaintiff adequate compensation, without any explanation why full payment was not being made.  Furthermore, GREAT LAKES did not communicate that any future settlements of payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiff's claim. GREAT LAKES' conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices, TEX. INS. CODE §541.060(a)(3).

40.     GREAT LAKES failed to affirm or deny coverage of Plaintiff's claim within a reasonable time.   Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from GREAT LAKES.   GREAT LAKES' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(4).

41.     GREAT LAKES refused to fully compensate Plaintiff, under the terms of the Policy, even though GREAT LAKES failed to conduct a reasonable investigation.  Specifically, GREAT LAKES performed an incomplete and outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Property. GREAT LAKES' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(7).

42.     GREAT LAKES failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim,

Electronically Filed
7/6/2017 5:13 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-3032-17-H**

and requesting all information reasonably necessary to investigate Plaintiff's claim, within the statutorily mandated time of receiving notice of Plaintiff's claim. GREAT LAKES' conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

43.     GREAT LAKES failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information. GREAT LAKES' conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

44.     GREAT LAKES failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, it has delayed full payment of Plaintiff's claim longer than allowed and, to date, Plaintiff has not received full payment for the claim. GREAT LAKES' conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

45.     From and after the time Plaintiff's claim was presented to GREAT LAKES, the liability of GREAT LAKES to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, GREAT LAKES has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. GREAT LAKES' conduct constitutes a breach of the common law duty of good faith and fair dealing.

46.     GREAT LAKES knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiff.

47.     As a result of GREAT LAKES wrongful acts and omissions, Plaintiff was forced

---

Electronically Filed
7/6/2017 5:13 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-3032-17-H**

to retain the professional services of the attorney and law firm who is representing her with respect to these causes of action.

## H.  CAUSES OF ACTION

48.     Plaintiff repleads all of the material allegations above set forth in Paragraphs 1-47 and incorporates the same herein by this reference as if here set forth in full.

49.     Defendant GREAT LAKES is liable to Plaintiff for intentional breach of contract, as well as intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing.

## BREACH OF CONTRACT

50.     Plaintiff repleads all of the material allegations above set forth in Paragraphs 1-49 and incorporates the same herein by this reference as if here set forth in full.

51.     Defendant GREAT LAKES' conduct constitutes a breach of the insurance contract made between GREAT LAKES and Plaintiff.

52.     Defendant GREAT LAKES' failure and/or refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of GREAT LAKES' insurance contract with Plaintiff.

## NONCOMPLIANCE WITH TEXAS INSURANCE CODE:
## UNFAIR SETTLEMENT PRACTICES

53.     Plaintiff repleads all of the material allegations above set forth in Paragraphs 1-52 and incorporates the same herein by this reference as if here set forth in full.

54.     Defendant GREAT LAKES' conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices.   TEX. INS. CODE §541.060(a).   All violations under this article are made actionable by TEX. INS. CODE §541.151.

Electronically Filed
7/6/2017 5:13 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-3032-17-H**

55.    Defendant GREAT LAKES' unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of compensation and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

56.    Defendant GREAT LAKES' unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though GREAT LAKES' liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

57.    Defendant GREAT LAKES' unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

58.    Defendant GREAT LAKES' unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

59.    Defendant GREAT LAKES' unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(A)(7).

**NONCOMPLIANCE WITH TEXAS INSURANCE CODE:
THE PROMPT PAYMENT OF CLAIMS**

Electronically Filed
7/6/2017 5:13 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-3032-17-H**

60.    Plaintiff repleads all of the material allegations above set forth in Paragraphs 1-59 and incorporates the same herein by this reference as if here set forth in full.

61.    Defendant GREAT LAKES' conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims.  All violations made under this article are made actionable by TEX. INS. CODE §542.060.

62.    Defendant GREAT LAKES' failure to acknowledge receipt of Plaintiff's claim, commence investigation of the claim, and request from Plaintiff all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE §542.055.

63.    Defendant GREAT LAKES' failure to notify Plaintiff in writing of its acceptance or rejection of the claim within the applicable time constraints, constitutes a non-prompt payment of the claim.  TEX. INS. CODE §542.056.

64.    Defendant GREAT LAKES' delay of the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

**RESPONSIBILITY FOR ACTS OF AGENTS AND RATIFICATION OF ACTS**

65.    GREAT LAKES' adjuster, whose conduct is referenced herein and above, is an agent of GREAT LAKES based upon his/her acts of commission and omission in the handling of Plaintiff's claim, including inspections, adjustments, and aiding in the adjustment of the loss for or on behalf of the insurer. TEX. INS. CODE §4001.051.

66.    Separately, and/or in the alternative, as referenced and described above, GREAT

Electronically Filed
7/6/2017 5:13 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-3032-17-H**

LAKES ratified the actions and conduct of its adjuster including the manner in which he/she discharged or failed to properly discharge his/her duties under the common law and applicable statutory laws and regulations.

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

67.    Plaintiff repleads all of the material allegations above set forth in Paragraphs 1-66 and incorporates the same herein by this reference as if here set forth in full.

68.    Defendant GREAT LAKES' conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insured in insurance contracts.

69.    Defendant GREAT LAKES' failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim, although, at that time, GREAT LAKES knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## FRAUD

70.    Plaintiff repleads all of the material allegations above set forth in Paragraphs 1-69 and incorporates the same herein by this reference as if here set forth in full.

71.    Plaintiff is not making any claims for relief under federal law.

72.    GREAT LAKES is liable to Plaintiff for common law fraud.

73.    GREAT LAKES represented in its Policy that covered Hail and Wind Damages would be insured against loss. Plaintiff, to her detriment, purchased GREAT LAKES' policy in exchange for a benefit GREAT LAKES knew Plaintiff would not receive. Plaintiff further relied to her detriment upon the false, fraudulent and deceptive acts and practices employed by GREAT LAKES, in performing an inspection, investigation and evaluation of Plaintiff's Storm damages. Plaintiff is not knowledgeable in the manner and scope required to investigate a storm related

Electronically Filed
7/6/2017 5:13 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-3032-17-H**

loss, nor knowledgeable in insurance loss coverage issues.  GREAT LAKES, based upon their experience, special knowledge of storm related structural loss issues and insurance coverage issues were able to deceive Plaintiff into believing that the property damage loss would be competently investigated by a qualified, ethical and experienced adjustor and that the loss would be properly, fairly and in good faith evaluated and assessed and the claim paid.  Plaintiff was unaware that all such representations and conduct relating to the investigation and handling of the claim were performed with the intent and purpose to defraud, take advantage of and deny and/or undervalue the Property losses sustained by Plaintiff.  Plaintiff relied to her detriment on such actions and representations resulting in the losses and damages complained of herein. Plaintiff has been unable to repair the Storm damages and/or make temporary repairs using Plaintiff's own limited funds, prolonging Plaintiff's hardship of living in a storm-damaged home. GREAT LAKES knew at the time the above misrepresentations and fraudulent conduct occurred that the representations contained in the estimate of loss and communicated to Plaintiff were false.  Each and every one of the representations and deceptive acts and practices, as described above, and those stated in this paragraph, concerned representations and falsehoods concerning material facts for the reason that absent such representations, Plaintiff would not have acted as she did, and which GREAT LAKES knew were false or made recklessly without any knowledge of their truth as a positive assertion.

74.     The statements were made with the intention that they should be acted and relied upon by Plaintiff, who in turn acted in reliance upon such statements and actions, thereby causing Plaintiff to suffer injury and constituting common law fraud.

### I. KNOWLEDGE

75.     Each of the acts described above, together and singularly, was done "knowingly,"

Electronically Filed
7/6/2017 5:13 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-3032-17-H**

as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiff's damages described herein.

## J. DAMAGES

76.     Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

77.     As previously mentioned, the damages caused by the March 26, 2015 hailstorm and/or windstorm have not been properly addressed or repaired in the months since the Storm, causing further damages to the Property, and causing undue hardship and burden to Plaintiff. These damages are a direct result of GREAT LAKES' mishandling of Plaintiff's claim in violation of the laws set forth above.

78.     For breach of contract, Plaintiff is entitled to regain the benefit of her bargain, which is the amount of her claim, together with attorney's fees.

79.     For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the Policy, mental anguish, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiff asks for three times her actual damages. TEX. INS. CODE §541.152.

80.     For noncompliance with the Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of her claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE §542.060.

81.     For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach

Electronically Filed
7/6/2017 5:13 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-3032-17-H**

of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

82.     For fraud, Plaintiff is entitled to recover actual damages and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

83.     For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading.   Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

### K.  STATEMENT OF RELIEF AND DAMAGES

84.     As required by Rule 47(b), Texas Rules of Civil Procedure, Plaintiff's counsel states that the damages sought are in an amount within the jurisdictional limits of this Court.  As required by Rule 47(c), Texas Rules of Civil Procedure, Plaintiff's counsel states that Plaintiff seeks monetary relief of $100,000 or less, including damages of any kind, penalties, costs, expenses, prejudgment interest, and attorney's fees.  A jury, however, will ultimately determine the amount of monetary relief actually awarded. Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate.

### L.  RESERVATION OF RIGHTS

85.     Plaintiff reserves the right to prove the amount of damages at trial.   Plaintiff reserves the right to amend her petition to add additional counts upon further discovery and as her investigation continues.

### M.  JURY DEMAND

---

Electronically Filed
7/6/2017 5:13 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-3032-17-H**

86.    Plaintiff hereby requests that all causes of action alleged herein be tried before a jury consisting of citizens residing in Hidalgo County, Texas.    Plaintiff hereby tenders the appropriate jury fee.

### N. WRITTEN DISCOVERY

87.    Attached are Plaintiff's Interrogatories, Requests for Production, and Requests for Disclosure directed to Defendant GREAT LAKES.

### O. PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that upon trial hereof, said Plaintiff have and recover such sum as would reasonably and justly compensate her in accordance with the rules of law and procedure, as to actual damages, treble damages under the Texas Insurance Code, and all punitive and exemplary damages as may be found.    In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on her behalf expended, for pre-judgment and post-judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which she is justly entitled to, provided Plaintiff seeks a final judgment, exclusive of interest and costs, not to exceed $75,000.

Electronically Filed
7/6/2017 5:13 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-3032-17-H**

Respectfully submitted,

**Phipps, LLP**
THE PHIPPS
102 9th Street
San Antonio, Texas 78215
Telephone: (210) 340-9877
Telecopier: (210) 340-9887
Email: rsoliz@phippsllp.com
Email: gortiz@phippsllp.com

BY:    /s/ J. Gabriel Ortiz
        MARTIN J. PHIPPS
        State Bar No. 00791444
        GABRIEL ORTIZ
        State Bar No. 24085512

**ATTORNEYS FOR PLAINTIFF**

C-3032-17-H

# EXHIBIT A

C-3032-17-H

CAUSE NO. _____

| | | |
|---|---|---|
| MARIA MURILLO | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| VS. | § | \_\_\_ TH JUDICIAL DISTRICT |
| | § | |
| GREAT LAKES REINSURANCE U.K. SE | § | |
| | § | |
| *Defendant.* | § | HIDALGO COUNTY, TEXAS |

## BINDING STIPULATION

COMES NOW Plaintiff, MARIA MURILLO, by and through her attorney, who stipulates as follows:

1. The total sum or value in controversy in this case of action does not exceed $75,000.00 exclusive of interest and costs.

2. The total damages sought by the Plaintiffs\ in this cause of action does not exceed $75,000.00 exclusive of interest and costs.

3. Neither Plaintiff nor her attorney will accept an amount that exceeds $75,000.00 exclusive of interest and costs.

4. Neither Plaintiff nor her attorney will amend their petition to plead an amount in controversy in excess of $75,000.00, exclusive of interest and costs.

5. Plaintiff and her attorney understand and agree that Plaintiff's recovery is limited to an amount less than $75,000.00 exclusive of interest and costs.

C-3032-17-H

Signed on July 6, 2017.

**BINDING STIPULATION SIGNED:**

**Phipps, LLP**
The Phipps
102 9th Street
San Antonio, Texas 78215
Telephone: (210) 340-9877
Telecopier: (210) 340-9887

By:___/s/ J. Gabriel Ortiz_____
      MARTIN J. PHIPPS
      State Bar No. 00791444
      J. GABRIEL ORTIZ
      State Bar No. 24085512

**ATTORNEYS FOR PLAINTIFF**